IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **DAVONNA POP,** | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) No. 2:21-cv-02116-JTF-atc |
| | ) |
| **CENTRAL STATION HOTEL and** | ) |
| **VALOR HOSPITALITY,** | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On February 26, 2021, Plaintiff Davonna Pop filed a *pro se* complaint (ECF No. 1), and on March 5, 2021, filed an amended motion to proceed *in forma pauperis* (ECF No. 9).[1] Pop alleged Defendants Central Station Hotel and Valor Hospitality violated her rights under the Americans with Disabilities Act of 1990 (the "ADA"). (ECF No. 1, at 1.) On March 10, 2021, the Court granted Pop's motion to proceed *in forma pauperis*. (ECF No. 10.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

### PROPOSED FINDINGS OF FACT

Pop used a Court-provided template for her complaint. The following findings of fact are based on the allegations found therein. In the section of her complaint describing Defendants' alleged misconduct, Pop checked boxes indicating Defendants discriminated against her by their

---

[1] Pop's original motion to proceed *in forma pauperis*, filed February 26, 2021, was incomplete. (*See* ECF No. 3.)

alleged failure to accommodate her disability, termination of her employment, imposition of unequal terms and conditions of her employment, and retaliation.  (ECF No. 1, at 3.)

Pop alleges that, upon being hired, "I told my immediate supervisor that I required disability accommodations to complete the mandatory 2 weeks of computerized training." (*Id.* at 4.)  She further alleges that she was never scheduled to complete the training "and was [r]efused all accommodations to do so during the entire time [she] was employed with Central Station Hotel/Valor Hospitality." (*Id.*)  She attached to her complaint the Equal Employment Opportunity Commission Right to Sue Letter, dated January 7, 2021.  (ECF No. 1-1).

## PROPOSED CONCLUSIONS OF LAW

### I.    28 U.S.C. § 1915(e)(2) Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B).  Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  This report and recommendation constitutes the Court's screening.

### II.   Standard of Review for Failure to State a Claim

To determine whether Pop's complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Capital Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only

would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

### III.   Claims Under the ADA

"The ADA prohibits discrimination by a covered entity 'against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation job training, and other terms, conditions, and privileges of employment.'" *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702–03 (6th Cir. 2008) (quoting 42 U.S.C. § 12112(a)).

"The ADA defines a 'disability' as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such an individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." *Id.* at 703 (internal quotation omitted); 42 U.S.C. § 12102(1)(A)–(C). "It is well settled that not every physical or mental impairment constitutes a disability under the specific parameters of the ADA." *Gamble v. Sitel Operating Corp.*, No. 15-2789-SHL-dkv, 2015 WL 13745085, at *6 (W.D. Tenn. Dec. 17, 2015), *report and recommendation adopted*, 2016 WL 1573004 (W.D. Tenn. Apr. 19, 2016) (quoting *Daugherty*, 544 F.3d at 703). "If an employee's condition does not meet one of these categories of disability even if he was terminated because of some medical condition, he is not disabled within the meaning of the Act. The ADA is not a general protection for medically afflicted persons." *Walker v. Delta Med. Ctr.-Acadia*, No. 2:16-cv-02909-SHM-egb, 2017 WL 9440780, at *3 (W.D. Tenn. July 10, 2017), *report and recommendation adopted*, 2017 WL 3425188 (W.D.

4

Tenn. Aug. 9, 2017) (quoting *Evola v. City of Franklin, Tenn.*, 18 F. Supp. 3d 935, 945 (M.D. Tenn. 2014)) (internal alterations omitted).

As is explained below, Pop's complaint as presently constituted fails to state a claim for which relief may be granted as to any of the alleged ADA violations. However, because Pop is proceeding *pro se*, the Court recommends that she be allowed thirty days to amend her complaint to add sufficient details to any of the claims for which adequate support exists to sustain the cause of action.

    A.    <u>Pop's Claim for Failure to Accommodate</u>

Proving a claim of failure to accommodate requires a Plaintiff to show: "(1) she was disabled within the meaning of the ADA; (2) she was otherwise qualified for her position, with or without reasonable accommodation; (3) [her employer] knew or had reason to know about her disability; (4) she requested an accommodation; and (5) [her employer] failed to provide the necessary accommodation." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 839 (6th Cir. 2018) (citing *Deister v. Auto Club Ins. Ass'n*, 647 F. App'x 652, 657 (6th Cir. 2016)).

In pleading ADA claims, "[a] claimant need not . . . allege facts establishing a prima facie case of disability discrimination to survive a motion to dismiss under Rule 12(b)(6)." *Morgan v. St. Francis Hosp.*, No. 19-5162, 2019 WL 5432041, at *1 (6th Cir. Oct. 3, 2019) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002)); *see also Chapman v. Olymbec USA, LLC*, No. 2:18-cv-02842-SHM-tmp, 2019 WL 5684177, at *8 (W.D. Tenn. Nov. 1, 2019) ("The satisfaction of every element of a prima facie case at the motion-to-dismiss stage is not required.") (citing *Keys v. Humana*, 684 F.3d 605, 610 (6th Cir. 2012)). In other words, "so long as a complaint provided an adequate factual basis for a . . . discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." *Id.* at *2. (Griffin, J.,

concurring in part, dissenting in part) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012)). Nevertheless, whether a plaintiff can state a prima facie case for discrimination "is illustrative of whether she has provided an adequate factual basis for her claims." *Chapman*, 2019 WL 5684177, at *5.

Although Pop's complaint states that she told her supervisor that she required disability accommodations to complete her mandatory computer training and that her employer refused to provide those accommodations, Pop's complaint fails to provide a description of her disability. On the complaint form, Pop checked the box indicating that the basis for her claim was that she was discriminated against based on her disability, but left blank the area in which she was directed to state the basis for the discrimination. (ECF No. 1, at 4.)

Pop also attached the EEOC Right to Sue Letter to her complaint. (ECF No. 1-1.) The Court can take judicial notice of the EEOC Right to Sue Letter, which is a public record. *See Harper v. Gov't*, No. 15-2502-STA-cgc, 2016 WL 737947, at *4 (W.D. Tenn. Feb. 23, 2016) ("When a Court considers whether dismissal for failure to state a claim is appropriate, the Court may consider the complaint and attached exhibits, as well as any public records, so long as they are referred to in the complaint and are central to the claims contained therein.") Nevertheless, the Right to Sue letter offers little more insight into Pop's disability. The letter merely states that Central Station Hotel acknowledged Pop's statement that she "had trouble with concentration and recalling things." (ECF No. 1-1.) Though "concentrating" and "thinking" are among the major life activities contemplated by the ADA, s*ee* 42 U.S.C. § 12102(2)(A), Pop's complaint fails to assert what physical or mental impairment she has or is being regarded as having that cause those alleged impairments.

6

Pop's failure to identify her disability is insufficient to put Defendants on notice of her claim. *See Currie v. Cleveland Metro. Sch. Dist.*, No. 1:15 CV 262, 2015 WL 4080159, at *4 (N.D. Ohio July 6, 2015) (collecting cases that support the proposition that "[a] complaint alleging an ADA violation is properly dismissed for failure to identify a disability"); *Bush v. Millington Health Care*, No. 2:14-cv-02663-SHL-dkv, 2014 WL 6815418, at *9 (W.D. Tenn. Dec. 2, 2014) (dismissing the plaintiff's ADA claims for, inter alia, failing to identify the disability); *see also Tate v. SCR Medical Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[S]urely a plaintiff alleging discrimination on the basis of an actual disability under 42 U.S.C. § 12102(1)(A) must allege a specific disability. . . . The defendant in a disability discrimination suit does not have fair notice when the plaintiff fails to identify his disability.").

Based on the sparse details Pop provides in her complaint, it is unclear what disability she may have. As a result, Defendants cannot be said to be on notice of her claim. It is recommended that Pop's claim for failure to accommodate be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and that she be permitted to amend the claim to specify what her disability is.

B.   Pop's Claim for Wrongful Termination

Pop also checked the box in her complaint indicating that Defendants discriminated against her by wrongfully terminating her employment. To state a claim for wrongful termination, Pop must show: "(1) she has a disability, (2) she is 'otherwise qualified for the position, with or without reasonable accommodation,' (3) she 'suffered an adverse employment decision,' (4) her employer 'knew or had reason to know' of her disability, and (5) she was replaced or her position remained open." *Williams v. AT&T Mobility Servs. LLC*, 847 F.3d 384, 395 (6th Cir. 2017) (quoting *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011)).

As is the case with Pop's claim for failure to accommodate, her wrongful termination

7

claim fails because she fails to allege what her disability is. Pop's claim is also deficient because she has not alleged that she was replaced or that her position remained open. *See Johnson v. Shelby Cnty. Sch.*, No. 17-2144-JTF-dkv, 2017 WL 9477646, at *1 (W.D. Tenn. Mar. 9, 2017), *report and recommendation adopted*, 2017 WL 1326309 (W.D. Tenn. Apr. 11, 2017) (recommending dismissal under 28 U.S.C. § 1915(e)(2) where, even assuming plaintiff had a real or perceived disability, she failed to allege "the last prong of the *prima facie* test, i.e., that she was replaced by a nondisabled person or that her position remained open while the employer sought other applicants"). It is therefore recommended that this claim also be dismissed and that Pop be permitted to amend it.

        C.      Pop's Claim for Discrimination Based on Unequal Terms

Pop also checked the box for discrimination based on unequal terms and conditions of employment. Such a claim requires a party to show: "(1) that she or he is an individual with a disability, (2) who was otherwise qualified to perform a job's requirements, with or without reasonable accommodation; and (3) who was discriminated against solely because of the disability.'" *Briars v. Memphis Light Gas & Water*, No. 18-2035-JTF-tmp, 2018 WL 3061345, at *3 (W.D. Tenn. Jan. 25, 2018), *report and recommendation adopted*, 2018 WL 1173004 (W.D. Tenn. Mar. 6, 2018) (quoting *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir. 2008)).

As is the case with Pop's claims for failure to accommodate and wrongful termination, her claim for discrimination based on unequal terms fails because she has failed to adequately allege what her disability is. She additionally has failed to allege that her disability—whatever it may be—was the sole reason for the discrimination. *See Hayes v. City of Memphis*, No. 12-2253-JDT-tmp, 2015 WL 1345213, at *6 (W.D. Tenn. Mar. 2, 2015), *report and recommendation adopted*

8

*sub nom. Hayes v. Wharton*, 2015 WL 1292050 (W.D. Tenn. Mar. 23, 2015) (recommending dismissal under 28 U.S.C. § 1915(e)(2) where plaintiff failed to allege "facts that would plausibly show that he is an individual with a disability or that he was discriminated against because of his disability"). Pop has therefore failed to state a claim of unequal terms and conditions of her employment. It is recommended that this claim also be dismissed, with leave to amend.

    D.    Pop's Claim for Retaliation

Pop's final cause of action is for retaliation. Plaintiff bears the initial burden in making such a claim, "which requires a showing that (1) the plaintiff engaged in activity protected under the ADA; (2) the employer knew of that activity; (3) the employer took an adverse action against plaintiff; and (4) there was a causal connection between the protected activity and the adverse action." *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014) (citing *A.C. v. Shelby Cnty. Bd. of Educ.*, 711 F.3d 687, 697 (6th Cir. 2013)). "Protected activity typically refers to action taken to protest or oppose a statutorily prohibited discrimination." *Id.* (quoting *Goonan v. Fed. Rsrv. Bank of New York*, 916 F. Supp. 2d 470, 484–85 (S.D.N.Y. 2013)).

Whereas Pop's other ADA claims may allege at least some of the elements of those causes of action, her claim for retaliation fails to allege a single element of such a claim. Pop has not alleged that she engaged in any protected activity, that Defendants knew of such activity, that Defendants took an adverse action against her (for example, termination), or that such adverse action was caused by the unspecified protected activity. It is therefore recommended that Pop's claim for retaliation be dismissed and that she be permitted to amend it.

## RECOMMENDATION

For the foregoing reasons, this Court recommends that Pop's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The

9

Court further recommends that Pop be given thirty days to amend her claims against Defendants, at which point her claims can once again be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2).  The Court further recommends that, should Pop fail to amend her complaint, it be dismissed in its entirety consistent with the foregoing.

Respectfully submitted this 15th day of April, 2021.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.