IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **DAVONNA POP,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-02116-JTF-atc |
| | ) | |
| **CENTRAL STATION HOTEL** | ) | |
| **and VALOR HOSPITALITY,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND GRANTING LEAVE TO AMEND COMPLAINT**

On February 26, 2021, Plaintiff filed a *pro se* Complaint alleging that Defendants violated her rights under the American with Disabilities Act of 1990 (the "ADA"). (ECF No. 1.) On March 5, 2021, Plaintiff filed an amended motion to proceed *in forma pauperis*. (ECF No. 9.) On March 10, 2021, the Court granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 10.) On April 15, 2021, the Magistrate Judge entered a Report and Recommendation, recommending that the Court dismiss Plaintiff's Complaint without prejudice and grant Plaintiff (30) days to amend her claims against Defendant. (ECF No. 11, 9 & 10.) The Magistrate Judge also notified Plaintiff to file any written objections to the proposed findings and recommendations within fourteen days. (*Id.*) Plaintiff did not amend her Complaint or file any objections to the Report and Recommendation. For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be **ADOPTED** and Plaintiff's Complaint is **DISMISSED** without

prejudice. The Court grants Plaintiff an additional (30) days, until July 16, 2021, to file an amended complaint.

## I.     FINDINGS OF FACT

In her Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates the proposed findings of fact in this case. (ECF No. 11, 1-2.) As noted, Plaintiff failed to object to the Magistrate Judge's findings of fact.

## II.     LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted.) Upon review, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive evidence or recommit

the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015).

Usually, district court must review dispositive motions under the *de novo* standard. However, a district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

28 U.S.C. § 1915(e)(2) Screening Requirement

Pursuant to Local Rule 4.1, service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). LR 4.1(b). Specifically, courts are required to screen *in forma pauperis* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Standard of Review for Failure to State a Claim

In assessing whether Plaintiff's Complaint states a claim upon which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681). Additionally, although

not free from basic pleading requirements, *pro se* pleadings are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Curtin*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, and the Court cannot create a claim that has not been spelled out in a pleading. *Falkner v. United States*, No. 11-2982-STA-cgc, 2012 U.S. Dist. LEXIS 93372, at *16 (W.D. Tenn. July 6, 2012).

Leave to Amend

"Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded." *Brown v. Bobbett*, No. 20-1278-JDT-cgc, 2021 WL 372575, at *4 (W.D. Tenn. Feb. 3, 2021) (quoting *Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam).  Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."). *Curley v. Perry*, 246 F. 3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

### III.  ANALYSIS

The Court has reviewed Plaintiff's *pro se* Complaint in this case.  (ECF No. 1.)  The Court has also reviewed *de novo* the Magistrate Judges' Report and Recommendation.  (ECF No. 11.) As noted above, Plaintiff has failed to amend her Complaint or file any objections to the Report & Recommendation.   Therefore,  after  a  full  review  of  the  Magistrate  Judges'  Report  and

4

Recommendation, including the "Proposed Findings of Fact" and the "Proposed Conclusions of Law", the Court adopts the Magistrate Judge's Recommendation that Plaintiff's Complaint be dismissed without prejudice, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.  However, the Court grants Plaintiff an additional (30) days, until July 16, 2021, to amend her Complaint.  Should Plaintiff fail to file an amended complaint by July 16, 2021, the case will be dismissed with prejudice.

**IT IS SO ORDERED** on this 16th day of June 2021.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge